UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DAVID TURNBULL and NORMA
DEAN-CLARKSON, on their own behalf and
others similarly situated,

    Plaintiffs,

v.

BOWMAN CONSULTING GROUP, LTD., INC.,
a Virginia corporation, and AEROTEK, INC.,
a Maryland corporation,

    Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

Plaintiffs, DAVID TURNBULL and NORMA DEAN CLARKSON ("Plaintiffs"), were employed by Defendants, BOWMAN CONSULTING GROUP, LTD., INC., and AEROTEK, INC. (hereinafter "Defendants") as Customer Outreach Specialists ("COS"). Plaintiffs bring this action on behalf of themselves and other current and former similarly situated employees for overtime compensation and all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et. seq*. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

This action is intended to include any and all COS, and other individuals performing similar duties under different job titles[1] in the state of Florida during the 3 year period immediately preceding the filing of this action.

---

[1] The job titles at issue include, but are not limited to COS I, COS II, COS II, and hourly-paid COS Supervisors.

## NATURE OF THE ACTION

1. Plaintiffs bring this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA") on behalf themselves and all current and former non-exempt, hourly-paid COSs, regardless of precise title, who work and/or worked for Defendants in the state of Florida during the 3 year period preceding the filing of this Complaint (the "Collective" or "Collective Action Members").

2. Defendants violated the FLSA by requiring Plaintiffs and the Collective Action Members to perform work "off the clock" and failing to pay them the full extent of their overtime compensation. Plaintiffs and the Collective Action Members are entitled to unpaid overtime compensation from Defendants for all hours worked by them in excess of forty (40) hours in a workweek, and are also entitled to liquidated damages pursuant to the FLSA.

3. Defendants employ COSs throughout the state of Florida at locations in Fort Lauderdale, Port St. Lucie, Melbourne, Stuart, Daytona, and Boynton Beach.

4. Defendants uniformly classify COSs as non-exempt from overtime compensation under the FLSA at all of tis locations.

5. Pursuant to a uniform, companywide policy and practice, Defendants required COSs to perform work off the clock by instructing them to: (a) visit customers' homes; (b) call customers; (c) prepare reports of their visits with customers; (d) review and respond to work related e-mail; (e) communicate with Bowman regarding work-related tasks such as the status of their projects and visits with customers. Additionally, when Plaintiffs submitted timesheets reflecting more than 40 hours in a workweek, Defendants would reduce the recorded hours, and only pay 40 hours unless the hours over 40 were approved by Defendants.

6. Defendants' systematic failure and refusal to pay Plaintiffs and all other similarly situated COSs for all hours worked over 40 in a workweek violates the FLSA.

7. Plaintiffs allege on behalf of themselves and all similarly situated current and former non-exempt, hourly COSs (however variously titled) employed by Defendants in the the state of Florida during the relevant period that they are entitled to: (i) unpaid wages for unpaid hours worked in excess of 40 in a workweek; (ii) liquidated damages, and (iii) reasonable attorneys' fees and costs, pursuant to the FLSA.

## PARTIES

*Plaintiffs*

8. Plaintiff, DAVID TURNBULL ("Plaintiff TURNBULL") was employed by Defendants from approximately August 2019 to February 2020 as a COS.

9. Plaintiff TURNBULL performed work for Defendants in Fort Lauderdale, Broward County, Florida, which is within the jurisdiction of this Court.

10. Plaintiff, NORMA DEAN CLARKSON ("Plaintiff CLARKSON") was employed by Defendants from approximately August 2019 to December 2019 as a COS.

11. Plaintiff CLARKSON performed work for Defendants in Fort Lauderdale, Broward County, Florida, which is within the jurisdiction of this Court.

12. Plaintiffs' written Consent to Join forms are attached as **Exhibit A**.

*Defendants*

13. Defendant, BOWMAN CONSULTING GROUP, LTD., INC. ("BOWMAN"), is a Virginia corporation, with a principal place of business in Reston, Virginia. At all times material, BOWMAN was authorized to do business in the state of Florida, including in Broward County, Florida, which is within the jurisdiction of this Court.

14. Defendant, AEROTEK, INC., is a Maryland corporation with a principal place of business in Hanover, Maryland.  At all times material, AEROTEK was authorized to do business in the state of Florida, including in Broward County, Florida, which is within the jurisdiction of this Court.

15. Defendants jointly employed Plaintiffs and similarly situated employees.

16. At all times relevant, Defendants maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including with respect to the timekeeping, payroll, and other employment practices that applied to them.

17. Defendants employed Plaintiffs and similarly situated employees, and, directly or indirectly, jointly or severally, controlled and directed the terms of employment and compensation of Plaintiffs and similarly situated employees.

18. Defendants exercised control over the wages, hours and working conditions of Plaintiffs and similarly situated employees.

**JURISDICTION AND VENUE**

19. At all times pertinent to this Complaint, Defendants, BOWMAN and AEROTEK, regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s).

20. At all times material to this Complaint, Defendants, BOWMAN and AEROTEK, had two (2) or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

21. Based upon information and belief, the annual gross sales volume of Defendants, BOWMAN and AEROTEK, was in excess of $500,000.00 per annum at all times material hereto.

22. At all times pertinent to this Complaint, Defendants, BOWMAN and AEROTEK, were enterprises engaged in commerce or in the production of goods for commerce as defined by §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

23. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216(b).

24. Venue is proper pursuant to 28 U.S.C. §1391. The Court has jurisdiction over the Defendants, as well as over Plaintiff and any other plaintiffs joining this lawsuit.

## COLLECTIVE ACTION ALLEGATIONS

25. Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of themselves and the Collective Action Members.

26. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the Collective Action Members. There are many similarly situated current and former COSs who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated COSs are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

27. Plaintiffs and the Collective Action Members worked for Defendants as COSs and regularly worked more than 40 hours a week.

28. Plaintiffs and all the other similarly situated employees are entitled to be paid time and one-half of their regular rates of pay for each hour worked in excess of forty 40 hours per work week.

29. Throughout the relevant period, it has been Defendants' policy, pattern or practice to require, suffer, or permit Plaintiffs and the Collective Action Members to work in excess of 40 hours per week without paying them premium overtime compensation for all of the overtime hours they worked.

30. Defendants failed to pay Plaintiffs and the Collective Action Members all overtime compensation due and owing to them for the hours they worked in excess of 40 in a workweek as outlined in this Collective Action Complaint.

31. Defendants assigned all of the work that Plaintiffs and the Collective Action Members performed and/or Defendants were aware of the work that they performed.

32. Defendants failed to keep accurate records of the hours worked by Plaintiffs and the Collective Action Members.

33. Plaintiffs and the Collective Action Members performed the same or similar primary job duties, which are non-exempt in nature.

34. Defendants have intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA and with respect to Plaintiffs and the Collective Action Members, which policy, pattern or practice was authorized, established, promulgated, and/or ratified by Defendants. This policy, pattern or practice includes but is not limited to:

(a) willfully failing to record all of the time that Plaintiffs and the Collective Action Members have worked for the benefit of Defendants;

(b) willfully failing to keep accurate payroll records as required by the FLSA;

(c) willfully failing to credit Plaintiffs and the Collective Action Members for all overtime hours worked, consistent with the requirements of the FLSA; and

  (d) willfully failing to pay Plaintiffs and the Collective Action Members overtime compensation for hours that they worked in excess of 40 hours per workweek.

  35. Defendants are aware or should have been aware that federal law required them to pay their employees performing non-exempt duties an overtime premium for all hours worked in excess of 40 hours per workweek.

  36. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act:  Unpaid Overtime Wages
### Brought on Behalf of Plaintiffs and Similarly Situated Current and Former COSs Against Defendants

  37. Plaintiffs reallege and incorporate by reference the allegations in all preceding paragraphs.

  38. Defendants have engaged in a widespread policy, pattern or practice of violating the FLSA in regard to Plaintiffs and the Collective, as detailed in this Collective Action Complaint.

  39. At all relevant times, Plaintiffs and the Collective Action Members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

  40. The overtime wage provisions set forth in §§ 201 *et seq*. of the FLSA apply to Defendants.

  41. Defendants were employers of Plaintiffs and the Collective Action Members and were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

  42. At all relevant times, Plaintiffs and the Collective Action Members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

43. Defendants failed to pay Plaintiffs and the Collective Action Members all overtime compensation to which they are/were entitled under the FLSA.

44. Defendants failed to keep accurate records of time worked by the Plaintiffs and the Collective Action Members.

45. Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been, and continue to be, willful and intentional.

46. Defendants are aware of their obligations under the FLSA, but did not make a good faith effort to comply with the FLSA with respect to their time keeping and compensation of Plaintiffs and the Collective Action Members.

47. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

48. As a result of Defendants' willful violations of the FLSA, Plaintiffs and the Collective Action Members have suffered damages by being denied overtime wages in accordance with the FLSA, in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs and expenses pursuant to 29 U.S.C. § 216(b).

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs and the Collective Action Members, demand a trial by jury on all questions of fact raised by this Collective Action Complaint.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, DAVID TURNBULL and NORMA DEAN-CLARKSON, individually and on behalf of all other similarly situated members of the Collective, pray for the following relief:

A. At the earliest possible time, Plaintiffs should be allowed to give notice of this collective action, or the Court should issue such notice, to all Collective Action Members who are/were employed by Defendants during the applicable statute of limitations. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

B. Unpaid wages, statutory penalties and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 *et seq*., the supporting United States Department of Labor regulations, as well as Defendants' share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

C. An injunction enjoining Defendants from violating the FLSA and its regulations in the future;

D. Pre and post-judgment interest;

E. Attorneys' fees and costs of the action, including expert fees; and

F. Injunctive, equitable, or other relief as this Court deems just and proper.

Dated: April 27, 2020  
Boca Raton, Florida

Respectfully submitted,

_____
CAMAR R. JONES (Fla. Bar No. 720291)  
Email: cjones@shavitzlaw.com  
GREGG I. SHAVITZ (Fla. Bar No. 11398)  
Email: gshavitz@shavitzlaw.com  
LOGAN PARDELL (Fla. Bar No. 0118843)  
Email: aquiles@shavitzlaw.com  
SHAVITZ LAW GROUP, P.A.  
951 Yamato Rd., Suite 285  
Boca Raton, Florida 33431  
Telephone: (561) 447-8888  
Facsimile: (561) 447-8831

# Exhibit A

## CONSENT TO JOIN FORM

1.  I consent to be a party plaintiff in a lawsuit against Defendant(s), Bowman Consulting, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.  I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.  I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

*David Turnbull*

Signature

David Turnbull

Print Name

# CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), Bowman Consulting, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

DocuSigned by:
*Norma Dean-Clarkson*

Signature

Norma Dean-Clarkson

Print Name