UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-cv-60864-AHS

DAVID TURNBULL, on his own behalf and
others similarly situated,

    Plaintiff,

v.

BOWMAN CONSULTING GROUP, LTD., INC.,
a Virginia corporation,

    Defendant.
_____/

## AMENDED COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

Plaintiff, DAVID TURNBULL ("Plaintiff"), was employed by Defendant, BOWMAN CONSULTING GROUP, LTD., INC. (hereinafter "Defendant" or "BOWMAN") as Customer Outreach Specialist ("COS"). Plaintiff brings this action on behalf of himself and other current and former similarly situated employees for overtime compensation and all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et. seq*. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

This action is intended to include any and all COS, and other individuals performing similar duties under different job titles[1] in the state of Florida during the 3-year period immediately preceding the filing of this action.

---

[1] The job titles at issue include, but are not limited to, COS I, COS II, COS II, and hourly-paid COS Supervisors.

## NATURE OF THE ACTION

1. Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA") on behalf himself and all current and former non-exempt, hourly-paid COSs, regardless of precise title, who work and/or worked for Defendant in the state of Florida during the 3 year period preceding the filing of the original Complaint (the "Collective" or "Collective Action Members").

2. Defendant violated the FLSA by requiring Plaintiff and the Collective Action Members to perform work "off the clock" and failing to pay them the full extent of their overtime compensation. Plaintiff and the Collective Action Members are entitled to unpaid overtime compensation from Defendant for all hours worked by them in excess of forty (40) hours in a workweek, and are also entitled to liquidated damages pursuant to the FLSA.

3. Defendant employs COSs throughout the state of Florida at locations in Fort Lauderdale, Port St. Lucie, Melbourne, Stuart, Daytona, and Boynton Beach.

4. Defendant uniformly classifies COSs as non-exempt from overtime compensation under the FLSA at all of its locations.

5. Pursuant to a uniform, companywide policy and practice, Defendant required COSs to perform work off the clock by instructing them to: (a) visit customers' homes; (b) call customers; (c) prepare reports of their visits with customers; (d) review and respond to work related e-mail; (e) communicate with Bowman regarding work-related tasks such as the status of their projects and visits with customers. Additionally, when Plaintiff submitted timesheets reflecting more than 40 hours in a workweek, Defendant would reduce the recorded hours, and only pay 40 hours unless the hours over 40 were approved by Defendant.

6. Defendant's systematic failure and refusal to pay Plaintiff and all other similarly situated COSs for all hours worked over 40 in a workweek violates the FLSA.

7. Plaintiff alleges on behalf of himself and all similarly situated current and former non-exempt, hourly COSs (however variously titled) employed by Defendant in the state of Florida during the relevant period that they are entitled to: (i) unpaid wages for unpaid hours worked in excess of 40 in a workweek; (ii) liquidated damages, and (iii) reasonable attorneys' fees and costs, pursuant to the FLSA.

## PARTIES

*Plaintiff*

8. Plaintiff, DAVID TURNBULL ("Plaintiff TURNBULL") was employed by Defendant from approximately August 2019 to February 2020 as a COS.

9. Plaintiff TURNBULL performed work for Defendant in Fort Lauderdale, Broward County, Florida, which is within the jurisdiction of this Court.

10. Plaintiff's written Consent to Join forms are attached as **Exhibit A**.

*Defendant*

11. Defendant, BOWMAN CONSULTING GROUP, LTD., INC., is a Virginia corporation, with a principal place of business in Reston, Virginia. At all times material, BOWMAN was authorized to do business in the state of Florida, including in Broward County, Florida, which is within the jurisdiction of this Court.

12. At all times relevant, Defendant maintained control, oversight, and direction over Plaintiff and similarly situated employees, including with respect to the timekeeping, payroll, and other employment practices that applied to them.

13. Defendant employed Plaintiff and similarly situated employees, and, directly or indirectly controlled and directed the terms of employment and compensation of Plaintiff and similarly situated employees.

14. Defendant exercised control over the wages, hours and working conditions of Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

15. At all times material, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s).

16. At all times material, Defendant had two (2) or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

17. Based upon information and belief, the annual gross sales volume of Defendant was in excess of $500,000.00 per annum at all times material hereto.

18. At all times material, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

19. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216(b).

20. Venue is proper pursuant to 28 U.S.C. §1391.  The Court has jurisdiction over the Defendant, as well as over Plaintiff and any other plaintiffs joining this lawsuit.

## COLLECTIVE ACTION ALLEGATIONS

21. Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of himself and the Collective Action Members.

22. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the Collective Action Members. There are many similarly situated current and former COSs who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated COSs are known to Defendant, are readily identifiable, and can be located through Defendant's records. Notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

23. Plaintiff and the Collective Action Members worked for Defendant as COSs and regularly worked more than 40 hours a week.

24. Plaintiff and all the other similarly situated employees are entitled to be paid time and one-half of their regular rates of pay for each hour worked in excess of forty 40 hours per work week.

25. Throughout the relevant period, it has been Defendant's policy, pattern or practice to require, suffer, or permit Plaintiff and the Collective Action Members to work in excess of 40 hours per week without paying them premium overtime compensation for all of the overtime hours they worked.

26. Defendant failed to pay Plaintiff and the Collective Action Members all overtime compensation due and owing to them for the hours they worked in excess of 40 in a workweek as outlined in this Amended Collective Action Complaint.

27. Defendant assigned all of the work that Plaintiff and the Collective Action Members performed and/or Defendant was aware of the work that they performed.

28. Defendant failed to keep accurate records of the hours worked by Plaintiff and the Collective Action Members.

29. Plaintiff and the Collective Action Members performed the same or similar primary job duties, which are non-exempt in nature.

30. Defendant has intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA and with respect to Plaintiff and the Collective Action Members, which policy, pattern or practice was authorized, established, promulgated, and/or ratified by Defendant. This policy, pattern or practice includes but is not limited to:

   (a) willfully failing to record all of the time that Plaintiff and the Collective Action Members have worked for the benefit of Defendant;

   (b) willfully failing to keep accurate payroll records as required by the FLSA;

   (c) willfully failing to credit Plaintiff and the Collective Action Members for all overtime hours worked, consistent with the requirements of the FLSA; and

   (d) willfully failing to pay Plaintiff and the Collective Action Members overtime compensation for hours that they worked in excess of 40 hours per workweek.

31. Defendant is aware or should have been aware that federal law required it to pay its employees performing non-exempt duties an overtime premium for all hours worked in excess of 40 hours per workweek.

32. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## **FIRST CAUSE OF ACTION**
### Fair Labor Standards Act: Unpaid Overtime Wages
### Brought on Behalf of Plaintiff and Similarly Situated Current and Former COSs Against Defendant

33. Plaintiff realleges and incorporates by reference the allegations in all preceding paragraphs.

34. Defendant has engaged in a widespread policy, pattern or practice of violating the FLSA in regard to Plaintiff and the Collective Action Members, as detailed in this Amended Collective Action Complaint.

35. At all relevant times, Plaintiff and the Collective Action Members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

36. The overtime wage provisions set forth in §§ 201 *et seq*. of the FLSA apply to Defendant.

37. Defendant was an employer of Plaintiff and the Collective Action Members and were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

38. At all relevant times, Plaintiff and the Collective Action Members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

39. Defendant failed to pay Plaintiff and the Collective Action Members all overtime compensation to which they are/were entitled under the FLSA.

40. Defendant failed to keep accurate records of time worked by the Plaintiff and the Collective Action Members.

41. Defendant's violations of the FLSA, as described in this Amended Collective Action Complaint, have been, and continue to be, willful and intentional.

42. Defendant is aware of its obligations under the FLSA, but did not make a good faith effort to comply with the FLSA with respect to its time keeping and compensation of Plaintiff and the Collective Action Members.

43. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

44. As a result of Defendant's willful violations of the FLSA, Plaintiff and the Collective Action Members have suffered damages by being denied overtime wages in accordance with the FLSA, in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs and expenses pursuant to 29 U.S.C. § 216(b).

## DEMAND FOR TRIAL BY JURY

Plaintiff and the Collective Action Members, demand a trial by jury on all questions of fact raised by this Amended Collective Action Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, DAVID TURNBULL, individually and on behalf of all other similarly situated members of the Collective, pray for the following relief:

A. At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or the Court should issue such notice, to all Collective Action Members who are/were employed by Defendant during the applicable statute of limitations. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

B. Unpaid wages, statutory penalties and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 *et seq*., the supporting United States Department of Labor

regulations, as well as Defendant's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

      C.     An injunction enjoining Defendant from violating the FLSA and its regulations in the future;

      D.     Pre and post-judgment interest;

      E.     Attorneys' fees and costs of the action, including expert fees; and

      F.     Injunctive, equitable, or other relief as this Court deems just and proper.

Dated: May 19, 2020  
Boca Raton, Florida

Respectfully submitted,

_____  
CAMAR R. JONES (Fla. Bar No. 720291)  
Email: cjones@shavitzlaw.com  
GREGG I. SHAVITZ (Fla. Bar No. 11398)  
Email: gshavitz@shavitzlaw.com  
LOGAN PARDELL (Fla. Bar No. 0118843)  
Email: lpardell@shavitzlaw.com  
SHAVITZ LAW GROUP, P.A.  
951 Yamato Rd., Suite 285  
Boca Raton, Florida 33431  
Telephone: (561) 447-8888  
Facsimile: (561) 447-8831

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of Court using CM/ECF on **May 19, 2020.** I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

*s/ Gregg Shavitz*
Gregg Shavitz

**SERVICE LIST**
*Turnball, et al. v. Bowman Consulting Group, LTD., et al.*
**CASE NO.: 0:20-cv-60864-AHS**
**United States District Court for the Southern District of Florida**

Matthew A. Green, Esq.
Scott A. Bassman, Esq.
COLE, SCOTT & KISSANE, P.A.
110 Tower, 110 S.E. 6th Street, Ste. 2700
Ft. Lauderdale, FL 33301
Tel: (954) 703-3703
Fax: (954) 703-3701
Email: matthew.green@csklegal.com
Scott.bassman@csklegal.com
Sandra.merizalde@csklegal.com

# Exhibit A

# CONSENT TO JOIN FORM

1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), Bowman Consulting, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

DocuSigned by:

*David Turnbull*

Signature

David Turnbull

Print Name