UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-cv-60864-AHS

DAVID TURNBULL, on his own behalf and
others similarly situated,

    Plaintiff,

v.

BOWMAN CONSULTING GROUP, LTD., INC.,
a Virginia corporation,

    Defendant.
_____/

**JOINT MOTION FOR *IN CAMERA* REVIEW AND APPROVAL OF THE PARTIES'
SETTLEMENT AGREEMENTS AND STIPULATION FOR DISMISSAL
OF THIS CASE WITH PREJUDICE**

Plaintiff, David S. Turnbull ("**Plaintiff**"), Defendant, Bowman Consulting Group, Ltd., Inc. ("**Bowman**"), and Opt-In Plaintiffs, Harold Durant, Jennifer Richardson, Josh Releford, Keneisha Jonhnson, Michael Thorpe, and Norma Dean-Clarkson ("**Opt-In Plaintiffs**") (Plaintiff, Bowman, and Opt-In Plaintiffs are collectively referred to herein as the "**Parties**"), hereby file this Joint Motion for *In Camera* Review and Approval of the Parties' Settlement Agreements and Stipulation for Dismissal of this case *with prejudice*, and respectfully state as follows:

**INTRODUCTORY BACKGROUND**

1.    On April 28, 2020, Plaintiff filed his Collective Action Complaint [D.E. 1], and on May 19, 2020, Plaintiff filed his Amended Collective Action Complaint [D.E. 11]—both of which allege violations of the overtime provisions of the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 201 *et seq.*, against Bowman.

2.	On April 28, 2020, Norma Dean-Clarkson filed her Consent to Join Form. [D.E. 1 at 12].

3.	On May 22, 2020, Harold Durant and Keneisha Johnson filed their respective Notice of Consent to Join Forms. [D.E. 13-1].

4.	On May 28, 2020, Josh Releford filed his Consent to Join Form. [D.E. 16-1].

5.	On June 24, 2020, Jennifer Richardson filed her Consent to Join Form. [D.E. 24-1].

6.	On September 24, 2020, Michael Thorpe filed his Consent to Join Form. [D.E. 42-1].

7.	On September 29, 2020, this Court denied, *without prejudice*, Plaintiff's Motion for Notice and Conditional Class Certification [D.E. 15]. *See* [D.E. 43].

8.	Notwithstanding, the Parties thereafter engaged in efforts to attempt to amicably resolve this case, including the purported claims of the Opt-In Plaintiffs. Ultimately, beginning on March 3, 2021, the Parties attended Court-ordered mediation, and the Parties were, subsequent to the mediation, able to reach an agreement in principle to resolve all claims asserted in this case by Plaintiff and the Opt-In Plaintiffs, <u>conditioned on this Court's approval and granting of this Motion</u>.[1]

---

[1] In the event this Court denies the requested *in-camera* submission/review of the Settlement Agreements (without exhibits—which are simply tax forms and the instant Motion), the Parties, *in the alternative*, respectfully request this Court grant the Parties permission to file the Settlement Agreements under seal, as delineated in Local Rule 5.4 of the Local Rules for the Southern District of Florida. If this Court is also not inclined to permit the filing of the Settlement Agreements under seal, the Parties then request a fairness hearing be held where the Parties will be prepared to discuss the terms of the settlement agreement and reasonableness of the resolution.

9. Despite agreeing to resolve Plaintiff's and the Opt-In Plaintiffs' claims in this case, Bowman continues to vehemently deny that Plaintiff and/or the Opt-In Plaintiffs were not properly compensated pursuant to the applicable provisions of the FLSA, and/or that Bowman violated any applicable provisions of the FLSA. The Parties have agreed, however, that the Opt-In Plaintiffs will remain parties in this action for settlement purposes only.

10. Notwithstanding the factual and legal defenses Bowman believes are applicable in this matter, Bowman has agreed to amicably resolve the instant litigation, again, conditioned on this Court's approval and granting of this Motion.

11. Similarly, Plaintiff and the Opt-In Plaintiffs have also agreed to amicably resolve this matter.

12. The Parties jointly represent to this Honorable Court that there has been sufficient investigation, exchange of information, and discovery to allow counsel for Plaintiff, the Opt-In Plaintiffs, and Bowman to properly evaluate the Parties' claims and defenses and make recommendations regarding the resolution of this matter.

13. The settlement agreements ("**Settlement Agreements**"), which have been entered into between Bowman and Plaintiff, as well as Bowman and each respective Opt-In Plaintiff, each contain a confidentiality provision as to the terms and conditions of the Settlement Agreements. The Parties have conditioned the finality of resolution on this Court permitting the Parties to submit the Settlement Agreements for *in-camera* review to preserve the confidential nature of the Settlement Agreements.

14. As a result, the Parties respectfully request this Court review the Settlement Agreements *in camera*. *See Elliott v. Barbeque Integrated, Inc.,* No. 19-cv-62426-AHS, D.E. 75 (Order Approving Settlement and Dismissing Case with Prejudice) (S.D. Fla. Sept. 24, 2020)

CASE NO.: 0:20-cv-60864-AHS

(reviewing the agreed upon settlement agreement *in camera* and granting the parties' joint motion requesting *in camera* review and approval of the settlement agreement).

15. Again, in the event this Court denies the requested *in-camera* submission/review of the Settlement Agreements, the Parties, *in the alternative*, respectfully request this Court grant the Parties permission to file the Settlement Agreements under seal, as delineated in Local Rule 5.4 of the Local Rules for the Southern District of Florida. If this Court is also not inclined to permit the filing of the Settlement Agreements under seal, the Parties then request a fairness hearing be held where the Parties will be prepared to discuss the terms of the settlement agreement and reasonableness of the resolution.

## **MEMORANDUM OF LAW**

In the Eleventh Circuit, in order to ensure that an employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or approved by the District Court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). In the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may resolve and release FLSA claims against an employer if the parties present the District Court with a proposed agreement and the District Court enters an Order approving the agreement. *Id*. at 1353; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA agreement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more

> likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.  The resolution of the instant action involves a situation in which this Court may approve the Settlement Agreements to resolve and dismiss Plaintiff's and the Opt-In Plaintiffs' FLSA claims against Bowman.  The proposed Settlement Agreements arise out of a collective action brought by the Plaintiff, on his own behalf and on behalf of the Opt-In Plaintiffs, against his former employer, Bowman, which was adversarial in nature.

Specifically, Plaintiff and Opt-In Plaintiffs allege they worked off-the clock-hours for Bowman in relation to the Florida right-of-way project described in the Complaint and Amended Complaint filed in this action.  Plaintiff maintained that he and the Opt-In Plaintiffs worked off-the-clock hours because Bowman purportedly opposed paying overtime to them and other similarly situated employees.  Bowman adamantly denies Plaintiff's and the Opt-In Plaintiffs' allegations, and further produced payroll documents in discovery that indicated Plaintiff and the Opt-In Plaintiffs were properly paid overtime for multiple work weeks.  Additionally, Bowman contended in many work weeks Plaintiff and the Opt-In Plaintiffs could not have possibly worked any overtime hours—for example, during weeks with holidays for which Bowman was not operating, Plaintiff and the Opt-In Plaintiffs could not have worked more than 40 hours in said workweek.  Therefore, there remains a *bona fide* dispute as to whether any liability exists, and a jury could ultimately determine that Plaintiff and Opt-In Plaintiffs are owed nothing.  Beyond the merits of the claims, this Court already denied conditional certification, which would require the Opt-In Plaintiffs to pursue their claims on an individual basis, which would, in turn, result in

additional expenses for the Opt-In Plaintiffs to pursue and Bowman to defend multiple litigations. The Parties have removed the uncertainty and expense associated with further litigation by resolving Plaintiff's and the Opt-In Plaintiffs' claims now.

In order to avoid continued costs and the uncertainty of litigation, the Parties have negotiated a fair and reasonable settlement in this matter. Bowman neither admits liability, and Plaintiff and the Opt-In Plaintiffs do not admit a lack of liability. Bowman expressly denies all liability whatsoever to Plaintiff and the Opt-In Plaintiffs. Given the amount of alleged overtime wages and unpaid wages claimed by the Plaintiff and the Opt-In Plaintiffs, this Court's prior denial of conditional certification, and the possibility of the Plaintiff and the Opt-In Plaintiffs recovering nothing, the Parties agree that the agreed upon resolution is a fair compromise. The amounts received by Plaintiff and each Opt-In Plaintiff as set forth in the Settlement Agreements is potentially more than Plaintiff and the Opt-In Plaintiffs would have recovered had they gone to trial due to the uncertainty of litigation. As such, the Parties both faced risks if litigation continued. Therefore, in order to avoid additional costs and the uncertainty of litigation, the Parties have agreed to a settlement.

The Settlement Agreements also provide for attorneys' fees and costs to be paid to Plaintiff's and the Opt-In Plaintiffs' Counsel, Shavitz Law Group, P.A. Awards for attorneys' fees and costs in FLSA cases often exceed the amount of damages at issue for the plaintiffs, and fee awards need not be proportional to the recovery for the plaintiffs. *Riverside v. Rivera*, 477 U.S. 561, 578 (1986) ("A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts."). Moreover, Plaintiff's and the Opt-In Plaintiffs' Counsel represents that

the attorneys' fees and costs being paid under the Settlement Agreements represents over a 55% discount from the attorneys' fees and costs actually incurred in this year-long litigation.

As mentioned *supra*, the Settlement Agreements each contain a confidentiality provision as to the terms and conditions of the Settlement Agreements. The Parties have conditioned the finality of resolution on this Court permitting the Parties to file the Settlement Agreements under seal to preserve the confidential nature of the Settlement Agreements. As a result, the Parties respectfully request this Court review the Settlement Agreements *in camera*. *See Elliott v. Barbeque Integrated, Inc.,* No. 19-cv-62426-AHS, D.E. 75 (Order Approving Settlement and Dismissing Case with Prejudice) (S.D. Fla. Sept. 24, 2020) (reviewing the agreed upon settlement agreement *in camera* and granting the parties' joint motion requesting *in camera* review and approval of the settlement agreement).

Other Courts in this District and Circuit have permitted *in camera* review of settlement agreements in FLSA litigation where the Court is familiar with the factual and legal issues of the case. *See, e.g., Moore v. S. Fla. Restoration, Inc.*, No. 18-21956-CIV, 2018 WL 6620872, at *1 (S.D. Fla. Nov. 16, 2018) (approving settlement agreement and dismissing action with prejudice after reviewing settlement agreement *in camera*); *Antunez v. City of Miami*, No. 14-22484-CIV, 2014 WL 12571406, at *1 (S.D. Fla. Oct. 20, 2014) (same); *Denise Tardiff, v. Mom's Kitchen Inc.*, No. 19-61316-CIV (S.D. Fla. Aug. 21, 2019) (same); *Ammirati v. Lutheran Servs. Fla., Inc.*, No. 2:09-CV-496-FTM-29SPC, 2010 WL 148724, at *2 (M.D. Fla. Jan. 13, 2010) (same); *Nunnink v. Wholesale Pictures & Mirrors, LLC*, No. 2:09-CV-365-FTM36-S, 2010 WL 338098, at *2 (M.D. Fla. Jan. 22, 2010) (same).

Given the foregoing, the Parties have contemporaneously submitted the Settlement Agreements to this Court *via* email for *in camera* review and submit that the terms set forth in the

Settlement Agreements are a fair and reasonable resolution of bona fide disputes between the Parties.

WHEREFORE, the Parties respectfully request this Honorable Court enter the attached proposed stipulated order granting the Motion for *In Camera* Review and Approval of Settlement Agreements, and dismissing this case with prejudice, and entering any and all such further relief as may be deemed just and appropriate in light of the foregoing. In the event this Court denies the requested *in-camera* submission/review of the Settlement Agreements, the Parties, *in the alternative*, respectfully request this Court grant the Parties permission to file the Settlement Agreements under seal, as delineated in Local Rule 5.4 of the Local Rules for the Southern District of Florida. If this Court is also not inclined to permit the filing of the Settlement Agreements under seal, the Parties then request a fairness hearing be held where the Parties will be prepared to discuss the terms of the settlement agreement and reasonableness of the resolution.

Dated: May 25, 2021

Respectfully submitted,

| | |
|---|---|
| /s/ Camar R. Jones<br>CAMAR R. JONES (Fla. Bar No. 720291)<br>Email: cjones@shavitzlaw.com<br>GREGG I. SHAVITZ (Fla. Bar No. 11398)<br>Email: gshavitz@shavitzlaw.com<br>LOGAN PARDELL (Fla. Bar No. 0118843)<br>Email: lpardell@shavitzlaw.com<br>**SHAVITZ LAW GROUP, P.A.**<br>951 Yamato Rd., Suite 285<br>Boca Raton, Florida 33431<br>Telephone: (561) 447-8888<br>Facsimile: (561) 447-8831<br><br>*Attorneys for Plaintiff and Opt-In Plaintiffs* | /s/ Matthew A. Green<br>Scott A. Bassman, Esq. (Fla. Bar No. 232180)<br>Email: Scott.bassman@csklegal.com<br>Matthew A. Green, Esq. (Fla. Bar No. 1019717)<br>Email: matthew.green@csklegal.com<br>**COLE, SCOTT & KISSANE, P.A.**<br>110 Tower, 110 S.E. 6th Street, Ste. 2700<br>Ft. Lauderdale, Florida 33301<br>Telephone: (954) 703-3700<br>Facsimile: (954) 703-3701<br><br>*Attorneys for Defendant* |